**Charles BERRY, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 14080.**

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 18, 1958.

Decided March 13, 1958.

Mr. Robert L. Ackerly, Washington, D. C. (appointed by the District Court), for appellant.

Mr. Carl W. Belcher, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Lewis Carroll and Arthur J. McLaughlin, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON and BURGER, Circuit Judges, and MADDEN, Judge of the Court of Claims.*

PER CURIAM.

Appellant seeks reversal of his conviction on Counts 7, 8 and 9 of an indictment against him and one Harding for violation of the narcotics laws.[1] 26 U. S.C. §§ 4704(a), 4705(a), 21 U.S.C.A.

---

* Sitting by designation pursuant to the provisions of 28 U.S.C. § 291(a).

§ 174. He complains about the admission of certain testimony and the inadequacy of certain instructions. But the points were not raised below and the circumstances do not impel us to invoke our discretion under Fed.Rules Crim. Proc. Rule 52(b), 18 U.S.C. to note them now.

The contention is also made that the evidence is insufficient to sustain the convictions on any of the three counts. We do not agree. The evidence showed that appellant, in the company of his codefendant Harding, delivered narcotics to the Government informer on August 29, 1956, and that Harding, in the company of appellant, made a delivery on August 31, 1956. Even though appellant was acquitted on the counts relating to the August 29 transaction, the jury could nevertheless consider evidence of that transaction to find beyond a reasonable doubt that appellant and Harding were partners in the August 31 transaction.

Affirmed.

---

1. Appellant was acquitted on Counts 1, 2 and 3 charging him and Harding with violations on August 29, 1956. Counts 4, 5 and 6 referred only to Harding.